IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EARL CAYADITTO, ETHEL MESCAL,
individually, and as natural and legal parents
of Ethan Cayaditto, deceased minor child;
and BRETT J. OLSEN, Esq., as the Personal
Representative of the Estate of Ethan Cayaditto,

        Plaintiffs,

vs.                                        CIVIL NO.  04-1261 BB/LFG

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO FILE AMICUS BRIEF
## AND DENYING MOTION TO STRIKE MOTION TO FILE BRIEF

### Introduction

THIS MATTER is before the Court on two separate motions:

1.  New Mexico Defense Lawyers Association's Motion for Leave to File an Amicus Curiae Brief in Support of Defendant [Doc. 52]; and,

2.  Plaintiffs' Motion to Strike New Mexico Defense Lawyers Association's Motion for Leave to File Amicus Curiae Brief in Support of Defendant [Doc. 65].

The Court considered these pleadings and response [Doc. 66] to New Mexico Defense Lawyers Association's motion.  There was no response filed to Plaintiff's motion to strike.  The Court determines that oral argument is not necessary and this matter is ready for resolution.

## Discussion

The decision to accept or reject an amicus curiae brief is left to the Court's sound discretion. Hammond v. City of Junction City, KS, 2001 WL 1665374 at *1 (D. Kan. Dec. 17, 2001)(*citing* Nat'l Org'n for Women, Inc. v. Scheidler, 223 F.3d 615, 616 (7th Cir. 2000)).   In Ryan v. Commodity Futures Trading Commission, 125 F.3d 1062, 1063 (7th Cir. 1999), the court stated:

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an amicus curiae brief should be denied.

(Internal citations omitted).

Here, it is undisputed that the United States of America is competently represented by the Department of Justice.  However, the interests of the New Mexico Defense Lawyers Association go far beyond the issue in this particular case, and given the New Mexico Defense Lawyers' perspective, their brief may provide additional information for the trial court to consider in determining the issue at hand.  Thus, the Court rejects Plaintiffs' objection to the filing of the amicus brief and allows the filing of the amicus .

Normally, the correct procedure would be for the Court to first authorize the filing of the brief, then have the amicus file the brief and finally have appropriate responses and replies filed. Here, however, the amicus brief was filed on September 20, 2005, along with the request to file the  brief [Doc. Nos. 51 and 52].  By virtue of this ruling, the Court grants the New Mexico Defense Attorney

Association's motion for leave to file an amicus brief [Doc. 52], and denies Plaintiffs' motion to strike [Doc. 65].

In accord with the cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, it makes little sense to have a new filing of the amicus brief. Accordingly, the Court will deem the amicus brief has having been filed on September 20, 2005. The responses to the brief are due by January 13, 2006. Given the insufficient amount of time left before the January 23, 2006 trial date, no reply will be necessary.

IT IS SO ORDERED.

Lorenzo F. Garcia
Chief United States Magistrate Judge