**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EARL CAYADITTO and ETHEL MESCAL, individually,
and as natural and legal parents of Ethan Cayaditto, deceased
minor child, and BRETT J. OLSEN, Esq., as the Personal
Representative of the ESTATE OF ETHAN CAYADITTO,

       Plaintiffs,

       vs.                                                     No. CIV-04-1261 JC/LFG

UNITED STATES OF AMERICA,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Defendant United States of America's Motion to Dismiss Or, In The Alternative, For Summary Judgment, filed December 12, 2005 (*Doc.* 87). Defendant moves for judgment in this case on the grounds that Plaintiffs' expert medical witness does not have sufficient pediatric expertise to satisfy the requirements of New Mexico law or the relevant and reliable requirements of the *Daubert* test. The Court has reviewed the Motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds the Motion not well taken, and it is **denied.**

**I.**    **Background**

This case arises from a wrongful death action based on the care and treatment provided to Ethan Cayaditto, a thirteen month old child, at Crownpoint Indian Health Facility and its satellite facility at Pueblo Pintado. Plaintiffs claim that both facilities and its health providers did not assess or treat the child's acute bronchiolitis and RSV, despite obvious indications of risk. Also in

question, by Plaintiff, is the manner in which Ethan was discharged from the Crownpoint facility.

As this case nears trial, Plaintiffs have submitted Dr. Robert Henry, M.D., as a medical expert. Dr. Henry is an emergency room physician with thirty-two years experience. Plaintiffs have also withdrawn another medical expert from their case, Dr. Barry Barudin, M.D. Plaintiffs notified Defendant of this action in their Supplement to Consolidated Pretrial Order (*Doc*. 86), filed. Defendant now objects to the entirety of Plaintiffs' case with the reasoning that no remaining medical expert is capable of adequately testifying about the standards of care allegedly breached in this case.

Defendant objected to Dr. Henry and the continuance of this case at the pre-trial conference, held in December 2005. Although the Court indicated at that time that Dr. Henry was an adequate medical expert for purposes of trial, Defendant was still granted leave to file this Motion. Defendant now requests dismissing the entire case against it.

## II.     Standard of Review

A complaint may be dismissed pursuant to Rule 12(b)(1) if the court lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). When considering a motion under Rule 12(b), reference to evidence outside the pleadings does not automatically convert the motion into a Rule 56 motion for summary judgment. *Holt v. United States*, 46 F.3d 1000,1003 (10th Cir. 1995). If the jurisdictional questions presented under Rule 12(b) become intertwined with the merits of the case, however, the court must convert the motion to one falling under Rule 12(b)(6) or for summary judgment. *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1129 (10th Cir. 1999). When subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case, the jurisdictional claim and the merits are considered to be

intertwined. *Clark v. Tarrant County*, 798 F.2d 736, 742 (5th Cir.1986) (citing *Bell v. Hood*, 327 U.S. 678 (1946)). Indeed, when a motion is made on the grounds of both 12(b)(1) and12(b)(6), and both parties submit material beyond the pleadings, the Court may convert the motion into one for summary judgment under Rule 56. *Wheeler v. Hurdman*, 825 F.2d 257, 260 (10th Cir. 1987).

In the present case, the Motion requests dismissing Plaintiffs' entire case under 12(b)(1) and 12(b)(6), and neither party has submitted extraneous materials beyond the pleadings. But because Plaintiffs' basis of jurisdiction, as well as the substance of their claims, lies in the Federal Tort Claims Act, a jurisdictional issue does become intertwined with a substantive claim in the complaint. Therefore, the Court converts the Motion into one for summary judgment.

Under FED. R. CIV. P. 56, summary judgment is proper in cases where, looking at the facts in the light most favorable to the non-moving party, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Handy v. Price*, 996 F.2d 1064, 1066 (10th Cir. 1993). The moving party bears the initial burden of establishing that no genuine issue exists as to any material fact. *Nat'l Union Fire Ins. Co. v. Emhart Corp.*, 11 F.3d 1524, 1528 (10th Cir. 1993). Once the initial burden has been met, the burden then shifts to the non-moving party to show that a genuine issue of material fact remains for the fact finder to resolve. *Thrifty Rent-A-Car Sys., Inc. v. Brown Flight Rental One Corp.*, 24 F.3d 1190, 1194 (10th Cir. 1994). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1266 (10th Cir. 1996) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-586 (1986)).

### III.    Discussion

**A.     New Mexico Law**

Defendant argues that the remaining medical expert in Plaintiffs' case, Dr. Robert Henry, is unqualified to testify about pediatric matters. Defendant cites to New Mexico case law for this assertion. Defendant is correct that under *Pharmaseal Labs v. Goffe*, 568 P.2d 589, 593-594 (1977), a *physician* is held to the standard of care of another physician in the "same field of medicine practicing under similar circumstances." Defendant somehow takes this passage to mean, however, that not only must an allegedly negligent physician be held to this standard, but any plaintiff's expert testifying about a standard of care must be held to the standard of "same field of medicine, practicing under similar circumstances" as well. This is simply not the case.

A New Mexico local rule *does* require a witness to "qualify as an expert in the field for which his or her testimony is offered before such testimony is admissible." *State v. Torres*, 976 P.2d 20, 28. (N.M. 1999) (citing Rule 11-702). Defendant attempts to use the "same field of medicine practicing under similar circumstances" standard, however, to establish that Dr. Henry, as an emergency room doctor with thirty-two years experience, and specific experience with babies with RSV, is not practicing in the same field of medicine as the doctors in question in this case, and therefore, is not qualified to testify. But, as cases subsequent to *Pharmaseal* have clearly established, the medical expert testifying regarding any medical malpractice need not even be in the same area of practice as the physician in question. *See Vigil v. Miners Colfax Med. Ctr.*, 875 P.2d, 1096, 1101 (N.M. Ct. App. 1994) (citing *Blauwkamp v. University of N.M. Hosp.*, 836 P.2d 1249, 1254 ( N.M. Ct. App. 1992).

*Vigil* establishes further that "a general practitioner may provide expert testimony relevant

to the performance of a specialist, as long as the general practitioner's experience or training provides a sufficient foundation for his testimony." *Vigil*, 875 P.2d at 1101 (citing *Sewell v. Wilson*, 641 P.2d 1070, 1075 ( N.M. Ct. App. 1982). In this case, it is clear that Dr. Henry's years of training and experience enables him to testify about the performance of the more specialized field of pediatrics. *See* Resp. at 6, Ex. C. Here, we compare an emergency room doctor and pediatricians acting in a utility capacity for several Indian healthcare facilities. This is not like comparing the different fields of, for example, podiatry and dermatology, which the Court would concede are extremely specialized, and might require more analysis.

The comparison between physicians in this case is also distinguishable from the recent *Lopez* decision, in which a physician was found to be unqualified to testify about the standard of care used by another surgeon. *Lopez v. Reddy*, 113 P.3d 377, 383 (N.M. Ct. App. 2005). Surgery, or more particularly, the *Lopez* biopsy experience, is a much more specialized field than the broad area of pediatric diagnosis, care and discharge procedures which are in question here. In *Lopez*, the expert's experience with biopsies stemmed from over thirty years ago. *Id*. Dr. Henry's experience with both pediatric diagnosis and care and RSV is much more recent and appears to the Court to be much more reliable. As long as Dr. Henry is "able to testify as to how and why he arrives at an opinion that a defendant physician's conduct has been substandard," the Court finds no problem with allowing his testimony. *Id*. (quoting *Sewell*, 641 P.2d at 1075).

*Lopez* reiterates that it is without question that a physician practicing in a different field may testify about the standard of care breached by another physician. *Lopez*, 113 P.3d at 382. And although *Lopez* notes that a non-specialist must still be qualified enough to give the

testimony required, it still stands for the proposition that "[w]here expert testimony is required, the mere fact that a medical witness is not a specialist goes to the weight, not to admissibility, of the witness'[s] expert testimony." *Id*. at 382 (quoting *Sewell*, 641 P.2d at 1075).  The Court, as the only trier of fact in this case, is able to make this determination itself.

Therefore, because under New Mexico law, medical experts do not need to practice in the same field as the physicians who are on trial, and Dr. Henry's qualifications to testify about the events in this case are more than sufficient, the Court finds that Dr. Henry is able to offer relevant and reliable testimony as to Defendant's pediatric providers.

### B.   *Daubert* Standard

The Court has already ruled on the admissibility of Dr. Henry's testimony upon Defendant's Motion in Limine and Memorandum in Support Regarding Dr. Henry's Testimony, filed September 21, 2005, (*Doc*. 54), which sought to exclude this testimony under the *Daubert* standard and Fed. R. Civ. P. 702.  The Court found the Doctor's testimony to be admissible pending proper foundation at trial,  and, therefore, it is not necessary to discuss it here.

Wherefore,

**IT IS ORDERED** that Defendant United States of America's Motion to Dismiss, or in the Alternative, for Summary Judgment, filed December 12, 2005 (*Doc*. 87) is **denied.**

DATED this 5th day of January, 2006.

*/s/ John Edwards Conway*
_____
**SENIOR UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:
    Steven Tal Young, Esq.
    Jeffrey A. Dahl, Esq.
    Lamb, Metzgar, Lines & Dahl, P.A.
    Albuquerque, New Mexico

Counsel for Defendant:
    Virgil H. Lewis II, Esq.
    Assistant U.S. Attorney
    Albuquerque, New Mexico